Skye **LEONARD**, a Minor by and through his Guardian ad Litem, Rebecca **LEONARD**; Donald Leonard; Rebecca Leonard; Brielle Leonard, a Minor by and through her Guardian ad Litem, Rebecca Leonard Plaintiffs–Appellees,

v.

The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES** Defendant–Appellant.

No. 00–56542.
D.C. No. CV–00–02304 AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2001.

Decided Jan. 14, 2002.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING, District Judge.*

MEMORANDUM **

Equitable Life Assurance Society ("Equitable") appeals the denial of its motion to compel arbitration. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

I

Equitable claims that the district court erred in concluding that the Leonards' claims do not fall within the settlement agreement's arbitration provision.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, "establishes that ... any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration [when] the problem at hand is ... construction of the contract['s] language." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In other words, a controversy falls within a valid arbitration clause "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 419 (9th Cir.1984) (internal quotation marks omitted).

The settlement agreement provides for arbitration "[i]n the event any disagreement[s] should arise between Equitable and [the Leonards] regarding payment of claims for medical expense reimbursement under the [health insurance] policy." (second alteration in original). The Leonards' claims fall within this arbitration provision.

The Leonards challenge Equitable's threat to terminate, and then actual termination of the health insurance policy. When Equitable threatened to terminate coverage, it implicitly threatened to deny any future claims under the policy. Similarly, when it terminated the policy, it implicitly denied all future claims. Therefore, "claims for medical expense reimbursement under the policy" are at the heart of the Leonards' suit. Accordingly, the Leonards' claims fall within the arbitration provision.

## II

Contrary to the Leonards' suggestion, it is irrelevant that nothing regarding the health insurance policy is in dispute. The arbitration provision is not limited to disputes that involve "the interpretation and performance of the contract itself." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir.1983). Rather, the provision covers all disputes that "regard[ ]" claims for reimbursement under the policy. In other words, the provision captures all disputes that have a "significant relationship" to claims for reimbursement under the policy, even though the policy itself is not in dispute. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir.1999). As discussed above, the Leonards' claims bear a significant relationship to medical expense reimbursement under the policy.

## III

■ Finally, we reject the Leonards' contention that paragraph fourteen of the settlement agreement allows for litigation of all disputes regarding the agreement itself. Paragraph fourteen merely provides for attorney's fees for litigation regarding the agreement. It does not guarantee a judicial forum for all disputes regarding the agreement. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

REVERSED AND REMANDED